UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER AUBIN, ANCHOR STATE CAPITAL LLC, f/k/a ANCHOR STATE INVESTMENTS LLC, and ANCHOR STATE PROPERTIES LLC,<br><br>Defendants,<br><br>and<br><br>ASHLEY CORCORAN,<br><br>Relief Defendant. | CIVIL ACTION NO.<br>25-11379-FDS |

## TEMPORARY RESTRAINING ORDER FREEZING ASSETS

**SAYLOR, J.**

Having considered the emergency motion seeking an order freezing assets filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Commission's memorandum of law, the Declarations of Patrick J. Noone, Roger Bileau, Matthew Tooker and Alysha Melo, and the accompanying evidentiary materials, the Court finds that the Commission has made the showing required by Fed. R. Civ. P. 65(b) and, in addition, that the Commission has shown that: (1) it is reasonably likely to establish that Christopher Aubin, Anchor State Capital LLC, formerly known as Anchor State Investments LLC, and Anchor State Properties LLC (collectively, "Defendants") have directly or indirectly engaged in the violations alleged in the complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) there

is a strong indication that, unless restrained and enjoined by order of this Court, Defendants may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a temporary restraining order freezing assets is in the public interest.

Accordingly, it is hereby ordered as follows:

A.     Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), shall hold and retain funds and other assets of Defendants presently held by them, derived directly or indirectly from the proceeds of the sale of the property located at 1314 Chalkstone Avenue, Providence RI 02908 (the "Property"), and shall prevent any withdrawal, sale, payment (including, but not limited to draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

B.     All banks, brokerage, other financial institutions, and other persons or entities (including but not limited to Russell Miller, Jr., Miller Property Group LLC, payment processors, joint account owners and/or investors) that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), holding any funds or other assets derived directly or indirectly from the proceeds of the sale of the property located at 1314 Chalkstone Avenue, Providence RI 02908 (the "Property"), shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to draws on any other credit arrangement), transfer, dissipation, assignment,

pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; which assets are hereby frozen.

  C. Paragraphs A and B shall immediately cease to apply to any assets located within the United States, including in any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

  D. Service of this order may be made by fax, mail, email, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication.

  This temporary restraining order shall expire 14 days from the date and time of this order, unless extended, vacated, or otherwise ordered by the Court.

**So Ordered.**

                   _____
                   F. Dennis Saylor IV
Dated: August 26, 2025         United States District Judge
   11:75 a.m.
   Boston, Massachusetts